STATE *v.* HARRY LEE.

12

(*October* 10, 1933.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*P. Warren Green,* Attorney-General, *Robert H. Richards, Jr.,* and *C. Edward Duffy,* Deputy Attorneys-General, for the State.

*Josiah Marvel, Jr.,* and *William H. Bennethum* for the defendant.

Court of Oyer and Terminer for New Castle County, Indictment for Murder of the First Degree, No. 116, September Term, 1933.

LAYTON, C. J., charged the jury in part as follows:

Harry Lee, the defendant, is charged in this indictment with murder in the first degree of Percy Bordley.

The State contends that on July 14 last, at about eleven P. M., on Church Street, in this city, the prisoner was seen running after the deceased; that the prisoner, being some fifteen or twenty feet from deceased, threw a brick at him, which, hitting him in the head, felled him; that then the prisoner with a brick held in his hand repeatedly struck the deceased in and upon the head and body, and also repeatedly kicked him; and that the deceased died by reason of a skull fracture caused by the prisoner's striking the deceased with the brick, either by throwing it, or by holding it in his hand.

The State, therefore, contends that the prisoner killed the deceased without justification or excuse and of his own express malice aforethought, and, therefore, is guilty of murder in the first degree.

The prisoner does not deny that the deceased died as a result of a fracture of the skull, nor does he deny that he threw a brick which hit the deceased; but does deny that the killing was with malice.

He contends, first, that the killing was done in a transport or gust of passion aroused by his seeing, a few minutes before, his wife and the deceased in the act of adultery at the house of the wife at 516 Church Street, and that, therefore, at most, he can be guilty only of manslaughter under the Statute; secondly, he contends that his killing of the deceased was justifiable in that he acted in necessary self-defense, and is, therefore, not guilty of any crime whatever.

Generally, homicide is the killing of one human being by another. Felonious homicide is divided into three classes, (1) murder of the first degree; (2) murder of the second degree, and (3) manslaughter.

To constitute murder of either degree, the element of malice must be present; for, without malice, there can be no murder; and with malice, there can be no manslaughter.

In murder of the first degree, the malice must be express or actual malice; in murder of the second degree, the malice is inferred or implied from the facts proved.

In common acceptation, the term malice means hatred, spite, or ill will against a person, but, in its legal sense, the sense in which it is used with respect to the crime of murder, it is more comprehensive than mere personal hatred, spite, or ill will, for, while it includes those conditions of mind and heart, it comprehends and includes

all acts done from an unlawful and wrongful motive, or, to put it in another way, it includes all acts done voluntarily and with a wilful disregard of the rights and safety of others. Malice, then, is a condition of the heart or mind existing at the time of the commission of the fatal act, and includes that general malignity and reckless disregard of human life which proceed from a heart void of a just sense of social duty and fatally bent on mischief.

Express, or actual malice, is usually shown by something the accused said or did before the killing, or some other circumstance which indicates that the accused had the purpose and intention to kill when he made the fatal attack.

██ Implied, or constructive malice, must be shown by the surrounding circumstances, and by the character of the attack. Where there is no proved fact or circumstance indicating a purpose and intention to kill, yet where the fatal act was unlawful and cruel and voluntarily committed, without adequate provocation and in circumstances showing a wicked indifference to human life, or with a reckless disregard of consequences, the law implies or infers malice, for malice is implied by law from every deliberate, cruel act committed by one person against another, no matter how sudden such act may be. The law considers that he who commits a cruel act voluntarily, commits it maliciously, and, whenever from such act, death ensues, unaccompanied by circumstances of justification, mitigation or excuse, the law presumes that the killing was committed with malice; and, therefore, it is necessary for the accused to make out by proof all circumstances of mitigation, extenuation, justification, or excuse as may be relied upon as a matter of defense unless such proof arises out of the evidence produced against him by the State.

Murder of the first degree, therefore, is where the killing was done with express, or actual, malice aforethought.

That is, where one person kills another with deliberate mind and formed design to kill. Such formed design to kill may be shown in various ways; for example, by antecedent threats or menaces evidencing a desire and purpose to kill, or by lying in wait, by planning or scheming to kill, or by any other fact, or circumstance, or statement which shows that the accused had the intention to kill when he made the fatal attack upon the deceased.

The deliberate selection and use of a deadly weapon, knowing it to be such, is a circumstance which may indicate a formed design to kill in absence of evidence showing a contrary intent. A deadly weapon is such a weapon as is likely to produce death when used by one person against another; and a brick thrown with force and violence in close proximity to the person of another, or used as a weapon to strike by holding it in hand, is a deadly weapon.

No specific length of time is necessary to make an act a deliberate act. A deliberate act may, in fact, be sudden. If the accused, before committing the fatal act, had made up his mind to kill the deceased, even though his design to kill be but the conception of a moment, it is deliberate in the eye of the law, and, if the accused had time for reflection and thought and thinking but for a moment did intend to kill, and did kill the deceased, it is just as much a deliberate killing as if he had intended it for a length of time.

Murder of the second degree is where the killing is done not with express or actual malice, but with implied or constructive malice. Malice, as we have said, is implied by law from every deliberate, cruel act committed by one person against another. Every person is presumed to contemplate and intend the natural and ordinary consequences of his own voluntary act, and, if the act, voluntarily and wilfully done has a direct tendency to destroy the life of

another, the natural conclusion is that the taking of life was intended.

Murder of the second degree, therefore, is where there is no deliberate mind or formed designed to take life, but where the killing, nevertheless, was done without justification or excuse and without adequate provocation; for example, where the fatal act was done without the design and premeditation required to make the act murder of the first degree, but, nevertheless, done with a wicked and depraved heart, or with a wicked and cruel indifference to human life. In such case, the law implies malice and makes the offense murder of the second degree.

Manslaughter is where one person unlawfully kills another without malice in his heart or mind; that is, where one in the heat of blood, or in a gust or transport of passion, aroused by adequate provocation, without time for reflection or for the passions to cool, kills another. Such killing amounts to manslaughter.

This is because of the allowance the law makes for human frailty or infirmity under great and sudden provocation, but in order to reduce the crime from murder to manslaughter, where a dangerous or deadly weapon is used, the provocation must be great, so great as to produce such an actual frenzy of mind as to render the accused, for the time, utterly deaf to the voice of reason.

One of the examples usually given of provocation is that which is aroused by a sudden fight, by which the transport of passion is excited.

In the case before you the provocation relied upon arose, according to the contention of the accused, from his coming upon his wife and the deceased in the act of adultery. The law upon this subject is plain. If a man finds another in the act of adultery with his wife, and in the first transport of passion, aroused by the sight, kills him, he

is guilty of manslaughter only. However, the deceased must be taken in the very act, and the accused must act, and act at once under the sting of the then present provocation, and in the first transport of passion excited by such provocation. If the accused found the deceased in the act of adultery with his wife, or in such circumstances as to indicate with reasonable certainty to a rational mind that they had just then committed the adulterous act, or were then and there about to commit it, and then in the first gust of anger and passion, excited by the then present sight and provocation, he killed the deceased, he is not guilty of murder, but of manslaughter only. *State v. Pratt, Houst. Cr. Cas.* 249.

If, however, after finding his wife and the deceased in such act of adultery, a reasonable time elapsed sufficient to permit the passions to cool and to allow thought and reflection and reason to re-assert itself, and then the accused killed the deceased; or if the accused deliberately killed the deceased under the impulse of anger, jealousy, hatred or revenge created or excited by his mere belief or even knowledge of his wife's prior acts of infidelity or intimacy with the deceased, or for any other reason or cause not connected with nor resulting from the provocation excited by finding his wife and the deceased in the act of adultery, such killing was not only without adequate provocation, but was wilful and malicious and constituted murder in the first degree. *State v. Pratt, Houst. Cr. Cas.* 249.

In this connection, we say to you that *Section* 4701 of the *Revised Code,* after defining the crime of manslaughter in ordinary circumstances to be a felony, provides:

"If the manslaughter of which the party is convicted, shall have been committed by a husband on a person found in the act of adultery with his wife, and it be so found by the verdict, he shall be deemed guilty of a misdemeanor."

Whether, however, such are the facts of this case is for your determination from all the evidence before you.

We have been asked to charge you upon the law of self-defense.

The burden of establishing self-defense to your satisfaction rests upon the accused.

No looks or gestures, however insulting, no words, however offensive, can amount to a provocation sufficient to justify an assault.

In repelling or resisting an assault, no more force may be used than is necessary for the purpose, and, if a person is attacked and uses in his defense more force than is necessary for that purpose, he becomes the aggressor. The law recognizes the right of self-defense for the purpose of preventing, but not of revenging, an injury to the person.

If the deceased first attacked the accused, even if the attack was of such character as to create in his mind a reasonable belief that he was in danger of death, or great bodily harm, it was his duty to retreat, if he could safely do so, or to use such other reasonable means as were within his power to avoid killing his assailant.

Therefore, if you are satisfied from the evidence that the deceased first attacked the accused, and that from the nature of the attack the accused had reasonable cause to believe, and did believe, that he was in immediate danger of death or great bodily harm, and that he had no other reasonable means of avoiding the danger, then the killing would be a justifiable act of self-defense, and the accused should be acquitted of any crime; but in this connection we say that it is not sufficient that the accused at the time believed himself to be in such danger, but the circumstances must have been such, in your judgment, as to justify a reasonble man in such belief.

 If a weapon be raised to shoot or strike, or the danger of other personal violence be imminent, the person in such danger may protect himself by striking the first blow, for the purpose of repelling and preventing the attempted injury to himself, using no more force than is necessary for the purpose; but where one is assaulted in a sudden affray, and in the judgment of the jury honestly believed on sufficient and reasonable grounds, that he was in immediate danger of being killed, or of suffering great bodily harm, he would have in self-defense the right to use a deadly weapon against his assailant, but in exercising such right, in a manner likely to cause death or great bodily harm to his assailant, he must be closely pressed, and must have retreated as far as he safely and conveniently could, in good faith, with the honest intent to avoid the danger of the assault.

 A free and voluntary confession is generally deserving of the highest credit, because it is against the interest of the person making it, and is presumed to flow from a sense of guilt. The whole of what the prisoner said on the subject, at the time of making the confession, should be taken together, and considered by you; but all parts of a confession whether for or against the prisoner, are not necessarily entitled to equal credit. The prosecution is at liberty to deny or contradict any part of it. In determining the credit to be given to a confession, you may reject, as not entitled to belief, such parts of it as are contradictory to other parts of it, or in conflict with facts otherwise proved to your satisfaction. You may believe that part of the confession which charges the prisoner, and reject that which is in his favor, if, under all the circumstances of the case, you find sufficient grounds for so doing. Your duty in respect of the confessions of the prisoner and in respect of his own testimony and the testimony of the other witnesses is precisely the same. You should believe so much of such confessions and testimony as you deem true

and worthy of belief, and reject so much of the testimony as you deem false and unworthy of belief.

(The Court here charged on conflict of evidence and on the rules applicable to proof of good reputation of the accused and to bad reputation of a witness.)

 As you know, in every criminal prosecution the defendant is presumed to be innocent until his guilt is proved to the satisfaction of the jury beyond a reasonable doubt. In order to convict the prisoner it is incumbent upon the State to prove beyond such a doubt every material element or ingredient of the crime charged. If, after carefully considering and weighing all the evidence, you should entertain a reasonable doubt of the guilt of the prisoner, you should give him the benefit of such doubt, and your verdict should be not guilty.

But proof beyond a reasonable doubt does not mean that the guilt of the accused must be established with the absolute certainty of a mathematical demonstration. Matters of fact are required to be proved to a moral certainty. To require more in dealing with human conduct, and the affairs of life, would be impracticable and, therefore, unreasonable. It is sufficient that any disputed fact in the case shall be established by that amount of competent and appropriate evidence which will satisfy a fair and unprejudiced mind beyond a reasonable doubt.

Reasonable doubt in the legal sense, therefore, does not mean a vague, speculative or whimsical doubt, nor a mere possible doubt, but a substantial doubt, and such a doubt as intelligent, reasonable and impartial men may honestly entertain after a careful examination, and conscientious consideration of all the evidence. If, after carefully and conscientiously considering all the evidence in the case, you believe that the guilt of the prisoner has been established beyond such a reasonable doubt, your verdict should be guilty. If you are not satisfied beyond such reasonable

doubt of the guilt of the prisoner, your verdict should be not guilty.

Repeating briefly what has already been said for your guidance:

If you believe from the evidence that the accused, with express malice aforethought, that is, with a formed design and purpose killed the deceased, your verdict should be guilty as indicted.

If you believe that the accused killed the deceased, not with express malice aforethought, that is, with no formed design or purpose to kill, but with implied malice, that is, wickedly and cruelly, with no adequate provocation, then your verdict should be guilty of murder in the second degree.

If you believe that the accused killed the deceased without malice express or implied, in a transport of passion, occasioned by adequate provocation, your verdict should be guilty of manslaughter generally.

If you believe that the accused killed the deceased in a transport of passion caused by his finding his wife and the deceased in the act of adultery, as we have heretofore instructed you, your verdict should be a special one, that is, guilty of manslaughter under the Statute occasioned by finding his wife and the deceased in the act of adultery.

If you find that the accused killed the deceased in necessary self-defense, your verdict should be not guilty.

If your verdict should be guilty as indicted, we call to your attention a Statute of this State (29 *Del. Laws, c.* 266) providing

"that in all cases where the penalty for crime prescribed by the laws of the State of Delaware is death, if the jury shall, at the time of rendering their verdict, recommend the defendant to the mercy of the Court, the Court may, if it seems proper to do so, impose the sentence of life imprisonment instead of death."

The Statute is a humane provision of law but is in-

tended to apply only to those cases when the jury believes from the evidence, all things considered, that life imprisonment would meet the ends of justice and would be a sufficient punishment.

The statute does not mean that such a recommendation should be made in every case. It should not be made out of mere sympathy; nor should it be made in any case unless the facts are such as reasonably to justify the belief that a recommendation of mercy could be properly considered by the Court under all the facts and circumstances proved, in case there should be a verdict of murder of the first degree.

Now, finally, in a case where any one of several verdicts may be rendered, as may be done in the case before you, the right of the jury should not be exercised capriciously, but the verdict, whatever it may be, should be warranted by the evidence.